6

POSTED ON WEB SITE
THIS DECISION IS NOT FOR PUBLICATION OR CITATION

FILED

SEP 21 2006

KT

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

In re                                Case No. 06-10978-A-13

BRANDY BYRON BLEVINS AND
SUSAN LYNN BLEVINS

          Debtor.
_____/

FINDINGS OF FACT AND CONCLUSIONS OF LAW
REGARDING OBJECTION OF DOWNEY SAVINGS & LOAN ASSOCIATION
TO CONFIRMATION OF PLAN

    Brandy Byron Blevins and Susan Lynn Blevins filed their chapter 13 case on July 5, 2006.  Downey Savings & Loan Association, F.A. ("Downey") filed a timely objection to confirmation of the Blevins' plan.  A hearing on that objection was held September 12, 2006.  At the hearing, the debtors and Downey resolved two of Downey's objections by stipulation.  Remaining for the court to decide is the final aspect of Downey's objection.  According to Downey, the Bankruptcy Code requires that it receive equal monthly payments over the life of the plan.  The debtors disagree.  This memorandum contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52.  This is a core proceeding as defined in 28 U.S.C. §157(b)(2)(A) and (O).

    The Eastern District of California has adopted a form plan for chapter 13 debtors.  The Blevins used that form, but modified

20

it by adding "Additional Provisions," as the plan permits. The form plan provides at paragraph 3.09 that Class 1 claims are "Long-term secured claims that were delinquent when the petition was filed and mature after the last payment under the plan." Paragraph 3.09 states:

> "This plan will cure all pre-petition arrears but not otherwise modify Class 1 claims. Each claimant will retain its existing lien and receive no less than the equal monthly amount specified below as its plan dividend."

The Blevins' plan provides for Downey as a Class 1 creditor.

The Additional Provisions section of the form plan filed by the Blevins states at paragraph 7.02:

> "Trustee to begin monthly dividend payment to Class 1 creditor, Downey Savings, once attorney fees under 3.08 of the Chapter 13 plan are paid in full."

It is this language to which Downey objects.

Bankruptcy Code § 1325(a)(5) describes how allowed secured claims may be treated in a chapter 13 plan. There are three options. The holder of the claim may accept the plan. The debtor may surrender the property securing an allowed secured claim to the holder of that claim. Neither of those possibilities occurred here. Or, the plan may require under § 1325(a)(5)(B) that the holder of the claim retain the lien and that

> "(ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; and
>
> (iii) if -
>
>   (I) property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be in equal monthly amounts; . . ."

The Blevins have provided for payments to Downey in equal

monthly amounts. However, those equal monthly payments do not begin until after payment of attorneys' fees under § 3.08 of the plan. It is Downey's position that the language "equal monthly amounts" requires that the equal monthly payments commence with the first payment under the plan and continue until the plan is fully performed. The Blevins argue that the phrase "equal monthly amounts" simply means that once monthly payments commence, such payments must be in equal monthly amounts. This is the issue that the court must decide.

The language in question was added to the Bankruptcy Code by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. There are a few reported decisions that interpret the language.

The Sixth Circuit briefly examined this phrase in a footnote in In re Nichols, 440 F.3d 850, 857 at fn. 6 (2006). The court stated:

> "[T]he new language seems to require that payments made after confirmation be in equal amounts and keep pace with depreciation during the term of the plan. . . ."

This language requires payments to be in equal amounts and to cover any depreciation. The decision concerns personal property collateral. It says nothing about requiring that the equal payments be made throughout the life of the plan.

A Texas bankruptcy court analyzed the provision in In re DeSardi, 340 B.R. 790 (S.D. Tex. 2006). The court squarely phrased the question as

> "Does section 1325(a)(5)(B)(iii) require that equal payments commence in the first month of the plan and continue at the same amount throughout the plan term?"

Id. at 793. The court concluded that the equal payments do not

need to commence in the first month or continue until the last month of the chapter 13 plan.  Id. at 794.

The Texas court observed that the equal payment provision does not state that its requirements must be met beginning in month one of the plan.  Id. at 805.  It also does not state that the payments must be equal as of the effective date of the plan. Contrast the language of § 1325(a)(5)(B)(ii) which refers to value as of the effective date of the plan.

As the DeSardi court observed, there also does not seem to be any requirement that the equal monthly amounts extend throughout the plan.  This makes sense because a creditor could not insist on continued equal monthly payments once its principal and interest are fully paid.  The correct reading of the equal payment provision is, according to the DeSardi court, that

> "The equal payment provision requires that payments be level once they begin and terminate once the lender is fully paid. Exactly when these level payments begin is case-specific."

Thus, "insofar as periodic payments are to be made, those payments must be in equal monthly amounts."  Id. at 806.

It is important to observe that the equal monthly payment provision is different from provisions in § 1325 requiring adequate protection to the holder of an allowed secured claim. And, in the Blevins' case, Downey has not argued that it lacks adequate protection.

A Florida bankruptcy court considered the equal monthly amount requirement in In re Davis, 343 B.R. 326 (M.D. Fla. 2006). That court seems to analyze § 1325(a)(5) as not applying to home mortgages.

In In re Wagner, the bankruptcy court required equal monthly

payments over the life of the plan without much discussion. 342 B.R. 766 (E.D. Tenn. 2006).

The better analysis is that of the Texas bankruptcy court in DeSardi. The phrase "equal monthly amounts" in § 1325(a)(5)(B) does not require that the equal payments be made over the life of the plan. To interpret the Code in that way would lead to anomalous results. As mentioned above, it would not allow for payments to cease once a creditor had been paid in full. The provision is not directed toward the requirement of adequate protection. The provision seems, rather, to address the situation in which a secured creditor might receive a percentage of the amount available to all creditors during the life of the plan. Creditors holding allowed secured claims rightly need to know how much they are going to be paid each month. This is the only way they can keep track of whether the debtor is performing his obligations under the plan. Thus, requiring payments in equal monthly amounts, as opposed to a variable payment that is a percentage of an amount available for distribution to similarly situated creditors, makes sense.

For the above reasons, the objection of Downey to confirmation of the plan is overruled. The debtors may submit an appropriate form of order confirming the plan, incorporating the other provisions to which the debtors and Downey have agreed, and approved as to form by Downey and the chapter 13 trustee.

DATED: September 21, 2006.

WHITNEY RIMEL, Judge
United States Bankruptcy Court

PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA     )
                        ) ss.
COUNTY OF FRESNO        )

I am a citizen of the United States and a resident of the county aforesaid; I am over the age of eighteen years and not a party to the within above-entitled action; my business address is 2656 U.S. Courthouse, 1130 O Street, Fresno, California, 93721. On September 21, 2006, I served the within document on the interested parties in said action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Fresno, California, addressed as follows:

Joey DeLeon, Esq.
3501 Jamboree Road
North Tower, Fifth Floor
Newport Beach, CA 92660

Ann Marie Friend, Esq.
FRIEND & WALTON
P. O. Box 830
Modesto, CA 95353-0830

M. Nelson Enmark, Esq.
3447 W. Shaw Avenue
Fresno, California 93711

I certify (or declare), under penalty of perjury, that the foregoing is true and correct. Executed on September 21, 2006, at Fresno, California.

_____
Kathy Torres, PLS